UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCISCA CORREA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:15-cv-10343 |
| MURPHY, LOMON & ASSOCIATES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, FRANCISCA CORREA ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of MURPHY, LOMON & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA) for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4.  Plaintiff is a 58 year old natural person, residing at 4618 South Keeler, Chicago, Illinois, which lies in the Northern District of Illinois.

5.  Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6.  Defendant "is a professional collection agency specializing in delinquent accounts worldwide."[1] From its headquarters at 2860 River Road, Suite 200, Des Plaines, Illinois, Defendant is in the business collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

7.  Defendant is licensed with the Illinois Secretary of State under file number 62234423 and is in the business of collecting consumer debts in multiple states, including Illinois.

8.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9.  On its website and correspondences Defendant identifies itself as a debt collector.

## FACTS SUPPORTING CAUSES OF ACTION

10. Plaintiff incurred a medical bill in the amount of $1,143.69 ("subject consumer debt") from Cicero Chiropractic ("Cicero").

11. Due to her lack of employment, Plaintiff was unable to fully pay Cicero for the subject consumer debt.

12. Upon information and belief, Cicero turned the collection of the subject consumer debt over to Defendant after Plaintiff had defaulted.

---

[1] http://www.murphylomon.com/aboutus.html

13. On or around October 12, 2015, Defendant sent Plaintiff a correspondence seeking payment of the subject consumer debt. *See* attached Exhibit A is a true and correct copy of the October 12, 2015 correspondence.

14. Included in the October 12, 2015 correspondence was a paragraph which stated, "You have failed to respond to our numerous attempts to reach you by phone. It is our intent to pursue collection of this debt through every means available to us." *See* Exhibit A.

15. On or around October 26, 2015, Defendant sent Plaintiff a correspondence seeking payment of the subject consumer debt. *See* attached Exhibit B is a true and correct copy of the October 26, 2015 correspondence.

16. Included in the October 26, 2015 correspondence was a paragraph which stated, "Are you aware that your debt can be litigated and a judgment can be obtained against you? We are now prepared to retain legal counsel with our recommendation that the litigation should be filed." *See* Exhibit B.

17. Concerned over the contents of the October 26, 2015 correspondence, Plaintiff called Defendant seeking information regarding the subject consumer debt on November 13, 2015.

18. Plaintiff, who understands and speaks very little English, was advised by Defendant that it did not have anyone who spoke Spanish working at the time of the call. Plaintiff was instructed to call back at another time.

19. Shortly after the above call, Plaintiff called Defendant back with her son, Santiago Correa ("Santiago"). *See* attached Exhibit C is a true and correct copy of an affidavit signed by Santiago.

20. Plaintiff requested that Santiago make a three way call with her to Defendant because he speaks English.

21. During the three way call, Santiago and Plaintiff were connected to Michael Lomon, a representative of Defendant. *See* Exhibit C.

22. Defendant advised that Plaintiff owed the subject consumer debt and asked how she wanted to pay it.

23. During the three way call, Santiago referenced the October 26, 2105 correspondence, specifically in regards to the language mentioning litigation and judgment.

24. Defendant advised that it had been attempting to collect on the subject consumer debt since September and it did not have a working telephone number for Plaintiff. *Id.*

25. Defendant also stated that since the subject consumer debt had not been paid, its' Client said, "let's go to court against her (referring to Plaintiff)".

26. At no point during the entire duration of the three way call did Defendant identify itself as a debt collector or provide Plaintiff and Santiago any disclosures regarding the subject consumer debt.

27. Concerned with Defendant's overall conduct, particularly its' threats of legal action, Plaintiff spoke with CLP regarding her rights.

28. Plaintiff has incurred costs and expenses consulting with her attorneys as a direct result of Defendant's collection actions.

29. Plaintiff has been harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

4

>debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11)

32. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the November 13, 2015 three way call with Plaintiff. As evidenced by Santiago's affidavit, Defendant did not advise Plaintiff it was a debt collector attempting to collect on a debt at any point during the phone call. This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers.

33. As a sophisticated and experienced debt collector, Defendant knows that it is required to make this disclosures to Plaintiff. Due to the absence of this disclosures, Defendant's communication was misleading and sought to gain an unfair advantage over Plaintiff. Plaintiff was justifiably confused over the relationship between Defendant and Cicero as well as the validity of the subject consumer debt.

34. The FDCPA states:

>"A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."
>15 U.S.C. §1692d

>"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e

35. Defendant violated 15 U.S.C. §§1692d, e, and f in the October 26, 2015 correspondence and the three way call with Plaintiff. Defendant's collection actions included

threats of legal action and judgement.  Upon information and belief, at the time the threats were made, Defendant had not initiated any legal proceedings against Plaintiff nor did it have any intention to do so.  Further, Defendant's statement during the three way call to Plaintiff claiming that Cicero said, "let's go to court against her" was both harassing and misleading.  Upon information and belief, Cicero never made this statement to Defendant.

36.  As a sophisticated and experienced debt collector, Defendant knows that threats of legal action are taken particularly serious by consumers.  Defendant intended that its statements and representations would coerce Plaintiff into paying the subject consumer debt out of fear and concern over legal action.

37. As plead in paragraphs 28 and 29, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, FRANCISCA CORREA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 16, 2015	Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #630210

David S. Klain, Esq., #66305
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)